UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re Petition of ELITE TOWING, INC. to Perpetuate certain Electronic Data and Evidence** | CIVIL ACTION NO.: 20-cv-00354<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

### VERIFIED PETITION FOR PRE-SUIT DISCOVERY OF ELECTRONIC DATA

**NOW INTO COURT**, through undersigned counsel, comes Elite Towing, Inc., who, for its Petition seeking pre-suit perpetuation of certain electronic evidence, as contemplated by Rule 27(a) of the Federal Rules of Civil Procedure, respectfully represents upon information and belief as follows:

1.

On the morning of Sunday, January 26, 2020, there was a collision at approximately Mile Marker 123 of the Mississippi River involving the M/V RC CREPPEL and the M/V COOPERATIVE SPIRIT.

2.

At all material times, Elite Towing, Inc. was and is now a Louisiana corporation duly organized and existing under and by virtue of the laws of the State of Louisiana and was at all material times the owner and operator of the M/V RC CREPPEL.

3.

The M/V RC CREPPEL is a 68.9 foot towing vessel bearing Official No. 1240427 that is documented pursuant to the laws of the United States of America and sunk in the aftermath of the collision with the M/V COOPERATIVE SPIRIT.  Three of the four M/V RC CREPPEL

crewmembers are still missing as of the time of this filing.

4.

On January 26, 2020 and at all material times, American River and Transportation Company (hereinafter "ARTCO") was the owner and operator of the M/V COOPERATIVE SPIRIT, a 186 foot towing vessel that, upon information and belief, is ordinarily found in St. Louis, Missouri.

5.

On January 26, 2020, at approximately 05:30 local time, the M/V COOPERATIVE SPIRIT was proceeding upbound on the Mississippi River pushing forty (40) barges in its tow. The M/V RC CREPPEL was downbound with two (2) barges in its tow. M/V COOPERATIVE SPIRIT and M/V RC CREPPEL were involved in a collision. The M/V RC CREPPEL sunk almost immediately after the impact of the collision. Three of the four crewmembers aboard the M/V RC CREPPEL are still missing as of the date of this filing.

6.

Federal Rule of Civil Procedure 27(a) allows a party to obtain a deposition to perpetuate testimony before filing suit if certain enumerated requirements are met. *See* Fed. R. Civ. 27(a). Courts have interpreted Rule 27 to also authorize Courts to grant Rule 34 inspections under similar circumstances, including inspections independently of depositions. *In re Hopson Marine Transp., Inc.,* 168 F.R.D. 560, 564 and n.2 (E.D. La. 1996). ("Allowing the depositions and requested inspections and preservation of certain, specified items of evidence should be granted if doing so will 'prevent a failure or delay of justice,' as in this instant matter"). Fed. R. Civ. P. 27(a)(3).

*Nissei Sangyo America, Ltd. v. United States,* 31 F.3d 435, 440 (7th Cir. 1994) (Records are properly discoverable under Rule 27 if "they are competent records, *material to the matter in controversy*, that cannot be obtained in ordinary discovery because the plaintiff

is not yet in a position to initiate such an action, but that might be lost if the plaintiff cannot now obtain them.") *In re Hopson* at 563.

*See In re Petition of Thomas,* 155 F.R.D. 124, 126 (D.Md.1994) ("[T]he over-all objective of Rule 27 is to perpetuate evidence for use in a prospective action and to the extent that use of Rules 34 and 35 will yield such evidence, these Rules should now be available under amended Rule 27, whether or not they are utilized in conjunction of the taking of some deposition.") (quoting James W. Moore *et al.*, Moore's Federal Practice, § 27.13 (2d ed.1993)).

7.

During Elite Towing, Inc.'s investigation of this casualty, it will be forced to rely heavily upon electronic data and evidence contained on M/V COOPERATIVE SPIRIT and other vessels in the immediate vicinity at the time of the collision, given three of the four crewmembers, aboard the M/V RC CREPPEL including its Captain, are still missing as of the date of this filing and any electronic evidence on board the M/V RC CREPPEL is lost due to its sinking.

8.

Elite Towing, Inc. respectfully requests this Court order the M/V COOPERATIVE SPIRIT to immediately allow trained technicians on behalf of Elite Towing, Inc. to board the M/V COOPERATIVE SPIRIT and download certain electronic data as listed in Exhibit "A", which may be lost if Elite Towing, Inc. is forced to wait to obtain this evidence in the normal course of discovery in potential future litigation.

9.

Any failure to promptly obtain the evidence requested herein raises the strong possibility that such evidence will be permanently lost and/or saved over, given the continuous operation and limited memory of the systems wherein such data is stored.

Accordingly, in order to conduct an investigation of the collision, it is imperative Elite Towing, Inc. be granted immediate access to the requested evidence.

10.

Elite Towing, Inc. respectfully requests permission to retrieve and retain the following critical, time-sensitive electronic data and other pertinent information from the M/V COOPERATIVE SPIRIT, as set forth below and in Exhibit "A":

(1) Any Electronic Chart System (ECS) (e.g. RosePoint) and/or Electronic Chart Display and Information System (ECDIS), recordings, and/or other chart plotter(s), playback, and raw files;

(2) Any Closed-Circuit Television (CCTV) recordings or similar recording devices;

(3) Any audio or visual recordings captured from the wheelhouse of the M/V COOPERATIVE SPIRIT;

(4) Any recordings from Very High Frequency (VHF) radio or other radio channels;

(5) Any data from a Voyage Data Recording (VDR) device, including, but not limited to, BlueBox or BlackBox-type recording device(s);

(6) Any Global Positioning System (GPS) data saved to any system, device, data card, USB or similar;

(7) Any Automatic Information Systems (AIS) data saved to any system, device, data card, USB or similar;

(8) Confirmation of system settings, functionality, and operational status, including, but not limited to, chart system, radar, and/or AIS settings;

(9) Confirmation of antennae and/or transponder positions of any electronic devices.

(10) Any alarm logs, including, but not limited to, machinery, propulsion, steering systems, ancillary systems;

(11) Any engine order, heading device, speed recorder, printout, or log;

(12) Confirmation of system settings, functionality, and operational status, including, but not limited to, main engines, propulsion, telegraph, and steering systems; and

(13) A retrieval, copy, or forensic mirror image of any computer hardware wherein any logs, records, communications, and/or transmittals maintained on the M/V COOPERATIVE SPIRIT, including all computer systems regarding the M/V COOPERATIVE SPIRIT.

11.

The need for the expedited retrieval of the electronic data in this matter from the M/V COOPERATIVE SPIRIT is supported in the attached Affidavits by Steve Cunningham, an expert in marine accident investigation with extensive knowledge in post-incident analysis of electronic records and Thomas Stakelum, a marine electronics expert (Exhibit "B," Affidavit by Steve Cunningham and Exhibit "C," Affidavit of Thomas Stakelum). As explained by the foregoing experts, due to the continuous operation and limited memory of electronic systems on vessels, as well as the possibility to modify records and configurations thereof, the verification and retrieval of such data is extremely time-sensitive. Failure to secure and independently verify such pertinent information within days of an incident is likely to result in the permanent loss of information and critical facts required for an independent investigation.

12.

In the hours following the collision, counsel for Elite Towing, Inc. requested ARTCO, through its counsel, allow its qualified technician to be present when any data from the M/V COOPERATIVE SPIRIT was downloaded and further requested that, if the data had already been downloaded, then Elite Towing, Inc.'s technician be given an opportunity to download the requested data from the M/V COOPERATIVE SPIRIT. ARTCO's counsel declined Elite Towing, Inc.'s request merely stating ARTCO "preserved" the VDR. ARTCO further advised it was coordinating a pollution response with the U.S. Coast Guard. Additionally, ARTCO advised it cannot agree to have Elite Towing, Inc.'s experts on board the M/V COOPERATIVE SPIRIT while it is under a United States Coast Guard investigation and National Travel Safety Board ("NTSB") investigation.

Nevertheless, the pollution response is now moot, as the barge at issue has been removed from the collision site. Elite Towing, Inc. has forwarded additional requests to ARTCO via its counsel for the opportunity to obtain the foregoing requested electronic data, but has not received any further response from ARTCO other than the data requested has been "preserved." (See attached Exhibit "D," correspondence and emails *in globo*).

13.

Elite Towing, Inc. is requesting immediate access to the electronic data requested herein, in order to ensure that the *entire data set* is downloaded because if it is not completely downloaded, this electronic evidence could be potentially lost forever. Additionally, due to the sophisticated nature of this electronic data, there are various settings which can limit the amount of data that is downloaded. Elite Towing, Inc. requests its technicians have access to this vulnerable electronic data to ensure that all available evidence is retrieved.

14.

Elite Towing, Inc. respectfully requests this Court order ARTCO, the owner of the M/V COOPERATIVE SPIRIT, to allow the assigned qualified technicians of Elite Towing, Inc. to board the M/V COOPERATIVE SPIRIT in order to download and retrieve a copy of the electronic data set forth in Exhibit "A."

Respectfully submitted,
DUNCAN & SEVIN, L.L.C.

*/s/ Kelley A. Sevin*

_____
**ELTON F. DUNCAN, III, T.A. (LA 14967)**
**KELLEY A. SEVIN (LA 25871)**
**KYLE M. TRUXILLO (LA 38920)**
400 Poydras Street, Suite 1200
New Orleans, LA  70130
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: ksevin@duncansevin.com
E-Mail: ktruxillo@duncansevin.com
*Attorneys for Elite Towing, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing pleading has been electronically filed with the Clerk of Court by using the CM/ECF system and the undersigned will send a notice of electronic filing via email and facsimile to all known counsel for the M/V COOPERATIVE SPIRIT, this 31th day of January, 2020.

*/s/ Kelley A. Sevin*
_____

**COUNSEL FOR THE M/V COOPERATIVE SPIRIT**
David M. Flotte, Esq.
Kevin M. Frey, Esq.
Salley, Hite, Mercer & Resor, LLC
One Canal Place 365 Canal St Ste 1710
New Orleans LA, 70130
Phone: (504) 566-8818
Fax: (504) 566-8828
Email: dflotte@shmrlaw.com
Email: mmouledoux@shmrlaw.com
Email: kfrey@shmrlaw.com